### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *In Re Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation* | MDL No. 3026 <br><br> Master Docket No. 1:22-cv-00071 <br><br> Hon. Rebecca R. Pallmeyer |
| **This Document Relates to:** <br> *Inman v. Mead Johnson & Company, LLC et al.*, | Cause No. 1:22-cv-03737 |

### MEAD JOHNSON & COMPANY LLC'S MOTION FOR SUMMARY JUDGMENT

Defendant Mead Johnson & Company LLC ("Mead Johnson") hereby moves pursuant to Federal Rule of Civil Procedure 56(a) and Local Rule 56.1 for summary judgment on all counts in Plaintiff's Amended Complaint. In support, Mead Johnson states as follows:

1. Just as in *Mar* and *Diggs*, there is no dispute of material fact, and Mead Johnson is entitled to summary judgment as a matter of law on Plaintiff's failure to warn and design defect claims, as well as her request for punitive damages and additional monetary damages.

2. Plaintiff's failure to warn claim fails because she offers no evidence that anyone relied on any of Mead Johnson's labeling materials, nor does she offer any evidence that a warning would have changed any aspect of D.W.'s clinical care. No doctor relied on any information from formula manufacturers when making clinical decisions. Instead, they relied on scientific literature and the hospital's evidence-based feeding protocols. And every doctor in this case testified that they were well-aware of the difference in the risk of NEC between infants fed human milk and infants fed something other than human milk—including preterm formula. The physician who approved the formula order testified that even if Mead Johnson had told her there was a five times increased risk of NEC with the use of formula, she still would have prescribed formula for D.W.

with no hesitation because it was medically necessary. As for Plaintiff, she testified that she never saw any formula packaging or labeling while D.W. was in the NICU. But even if she had, she had no idea D.W. was ever receiving formula. She had already decided to breastfeed D.W., doctors had already prioritized her breastmilk, and doctors were regularly administering donor milk. Preterm was given only when it was medically necessary. There is no evidence in the record that Plaintiff would have—or could have—done anything differently had she been given a warning.

3. Mead Johnson is also entitled to summary judgment because North Carolina's learned intermediary doctrine should apply here, where the product was prescribed and dispensed by physicians. In such instances, the duty runs to the physician, not the plaintiff. And there is no duty to warn when the risk is "common knowledge" among the relevant community—here NICU physicians. The difference in NEC risk is commonly known by NICU physicians. It is so common that questions about the protective effect of mother's own milk appear on the neonatology board exams. Every testifying doctor in this case was aware of this risk difference and nevertheless prescribed formula because it was medically necessary. Accordingly, because the learned intermediary doctrine applies, Mead Johnson had no duty to warn Daniel's physicians of something of which they were already aware.

4. Plaintiff's design defect claims fail, too. As was the case in *Mar*, North Carolina requires proof of an alternative design. Plaintiff has none. Prolacta, Plaintiff's suggested alternative design, is not an alternative to cow's milk formula. As Plaintiffs and this Court said in *Mar*, the "primary purpose of formula" is to be a stand-alone food source." *In re Abbott Lab'ys, et al., Preterm Infant Nutrition Prods. Liab. Litig.*, No. 22 C 00232, 2025 WL 1282749, at *6 (N.D. Ill. May 2, 2025) (citing Resp. to DSOF ¶ 56). But Prolacta expressly tells doctors that its products are not suitable for use as a sole source of nourishment. Prolacta, therefore, cannot be a

"stand-alone food source." Even if Prolacta formula was an adequate substitute, this hospital did not have it, and the primary physician here had never heard of Prolacta's formula, despite using other Prolacta products at different institutions. Mead Johnson is accordingly entitled to summary judgment on Plaintiff's design defect claim.

5. At bottom, Plaintiff's design defect claim is a categorical challenge to all cow's milk-based preterm formula. The law does not permit such categorical challenges, and Mead Johnson is entitled to summary judgment for this separate reason.

6. Moreover, both claims fail for lack of medical causation, as detailed in Mead Johnson's contemporaneously filed motions to exclude Dr. DeZure and Dr. Spector.

7. Plaintiff cannot prevail on her punitive damages claim either. She offers no evidence that Mead Johnson had any secret knowledge, no evidence that Mead Johnson concealed anything, and no evidence that Mead Johnson ever lied or misled doctors about anything relating to NEC, formula, and mother's milk. Instead, the evidence is clear that Mead Johnson's premature formulas are lifesaving products that have provided critical nutrition to children in intensive care units all over the country.

8. In further support of its Motion, Mead Johnson separately submits and incorporates by reference herein:

    a. Mead Johnson's Memorandum of Law in Support of Its Motion for Summary Judgment;

    b. Mead Johnson's Local Rule 56.1(a)(2) Statement of Material Facts in Support of Its Motion for Summary Judgment; and

    c. Exhibits to Mead Johnson's Local Rule 56.1(a)(2) Statement of Material Facts in Support of Its Motion for Summary Judgment.

9. As demonstrated in the foregoing, there is no genuine dispute as to any material fact, and Mead Johnson is entitled to judgment as a matter of law on all counts.

10. WHEREFORE, Mead Johnson respectfully requests that the Court enter an Order granting summary judgment in Mead Johnson's favor on all counts, dismissing this action, and granting such other and further relief as the Court may deem just and appropriate.

Dated: August 25, 2025

Respectfully submitted,

/s/ *Emily S. Ullman*

Paul W. Schmidt
Phyllis A. Jones
Emily S. Ullman
Elizabeth T. Fouhey
Sumner T. Truax
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
202-662-6000
pschmidt@cov.com
pajones@cov.com
eullman@cov.com
efouhey@cov.com
struax@cov.com

Rachel M. Cannon
Anthony J. Anscombe
**STEPTOE LLP**
227 West Monroe, Suite 4700
Chicago, IL 60606
312.577.1270
rcannon@steptoe.com
aanscombe@steptoe.com

*Counsel for Defendants Mead Johnson & Company, LLC, and Mead Johnson Nutrition Company*

4