IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *In Re Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation* | MDL No. 3026<br><br>Master Docket No. 1:22-cv-00071<br><br>Hon. Rebecca R. Pallmeyer |
| **This Document Relates to:**<br>*Inman v. Mead Johnson & Company, LLC et al.*, Case No. 1:22-cv-03737 | |

## JOINT MOTION FOR CONTINUANCE

Plaintiff, Alexis Inman, and Defendants, Mead Johnson Company & Company, LLC and Mead Johnson Nutrition, Inc., (collectively, the "Parties") jointly move for an order continuing the current trial date of February 2, 2026, and vacating and resetting related pretrial deadlines as necessary.

As the Court is aware, the Parties recently completed briefing on the pending motions for summary judgment and for expert exclusion under Rule 702, and the hearing(s) on those motions have not yet occurred. The Parties respectfully request that the Court set the hearing on those pending motions in January 2026, so the Court may have reasonable time to consider these issues and so that the Court can rule with sufficient time for the Parties to focus trial preparation (including the scope of witnesses, exhibits, jury instructions, and anticipated motions in limine) on the claims and issues, if any, that remain for trial after adjudication. The Parties have further stipulated that the record is closed, and they will not seek to supplement the record with new evidence or new expert opinions.

The Parties submit that these facts constitute good cause for a continuance. The Parties therefore respectfully request that the Court continue the February 2, 2026 trial date to a date in

1

June 2026 or July 2026 or such other time convenient to the Court, and reset associated pretrial deadlines consistent with the continued trial date. The Parties further respectfully request that a hearing on the pending summary judgment and Rule 702 motions, be set for January 2026. The Defendants continue to maintain that a Rule 702 hearing with live testimony from the challenged experts would be appropriate under Rule 702 and helpful to the Court. Plaintiff maintains that a Rule 702 hearing is unnecessary and unfairly provides the defendants with a second round of pretrial cross examination of plaintiff's experts. To the extent the Court believes that hearings are appropriate, the parties request those hearings be set for January as well. In the interests of avoiding further delay, Defendants have requested dates in January that would work for Dr. DeZure and Dr. Spector, while Plaintiff's counsel submits that he should only provide dates if the Court rules that testimony is required.

December 11, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Jose. M. Rojas* | */s/ Emily S. Ullman* |
| José M. Rojas | Paul W. Schmidt |
| **LEVIN, ROJAS, CAMASSAR &** | Phyllis A. Jones |
| **RECK, LLC** | Emily S. Ullman |
| 40 Russ Street | **COVINGTON & BURLING LLP** |
| Hartford, CT 06106 | One CityCenter |
| (860) 232-3476 | 850 Tenth Street NW |
| jose@LRCR.law | Washington, DC 20001 |
| | 202-662-6000 |
| *Counsel for Plaintiff Alexis Inman* | pschmidt@cov.com |
| | pajones@cov.com |
| | eullman@cov.com |
| | |
| | Rachel M. Cannon |
| | Anthony J. Anscombe |
| | **STEPTOE LLP** |
| | 227 West Monroe, Suite 4700 |
| | Chicago, IL 60606 |

2

312.577.1270
rcannon@steptoe.com
aanscombe@steptoe.com

*Counsel for Defendants Mead Johnson & Company, LLC, and Mead Johnson Nutrition Company*