# COVINGTON

BEIJING  BOSTON  BRUSSELS  DUBAI  FRANKFURT
JOHANNESBURG  LONDON  LOS ANGELES  NEW YORK
PALO ALTO  SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

March 20, 2026

**VIA EMAIL**

Hon. Rebecca Pallmeyer
Dirksen Federal Building
219 S. Dearborn St.
Courtroom 2503
Chicago, IL 60604

> *Re:* **Upcoming Rule 702 Hearing in *Inman v. Mead Johnson & Company LLC, et al.*,**
> **1:22-cv-03737**

Dear Judge Pallmeyer,

Having conferred in good faith, the parties request guidance on the scope of Dr. Spector's examination and testimony in the upcoming Rule 702 hearing on March 31.

Defendants' position is that they should be able to examine Dr. Spector within their two-hour limit on topics that are relevant to the arguments contained in Defendants' supplemental motion to exclude Dr. Spector and related briefing.  ECF Nos. 53, 64, 68.  This includes topics (e.g., NEC as a disease state) that are necessarily relevant to the topics covered in Defendants' brief. The PLC appears to take the view that any subject not expressly mentioned in Defendants' brief is impermissible, even though:  such issues are intertwined with and relevant to the issues Defendants briefed, Defendants are subject to a strict time limit, and the Court has never before heard from Dr. Spector.

The PLC's position is Defendant's examination should be limited to the arguments raised in their brief (namely whether the child in *Inman* fits within Dr. Spector's analysis). During the meet and confer, Defendant indicated their intent to explore issues that are "ancillary" to those raised is their motion (i.e., issue that were not specifically raised in their brief) because they are "intertwined" with the underlying argument. The PLC's view is that any issues not directly raised in Defendant's motion are by definition neither "intertwined" with, nor "ancillary" to their underlying argument and, as such, are not appropriate for exploration at the hearing because they were waived.

The parties respectfully request that the Court set a brief telephonic conference next week to resolve these issues in advance of the March 31 hearing.  The parties can make themselves available on Tuesday morning, Thursday, or Friday at the Court's convenience.

1

**COVINGTON**

Respectfully Submitted,

| | |
|---|---|
| */s/ Paul W. Schmidt* | */s/ Tim Becker* |
| Paul W. Schmidt | Charles Andrew Childers |
| **COVINGTON & BURLING LLP** | **LEVIN PAPANTONIO** |
| 30 Hudson Yards | 316 S. Baylen Street, Sixth Floor |
| New York, NY 10001 | Pensacola, FL 32502 |
| | Telephone: (850) 435-7000 |
| | achilders@levinlaw.com |
| Sumner T. Truax | |
| **COVINGTON & BURLING LLP** | |
| One City Center | Timothy J. Becker |
| 850 Tenth Street NW | **JOHNSON BECKER, PLLC** |
| Washington, DC 20001 | 444 Cedar Street, Suite 1800 |
| | St. Paul, MN 55101 |
| | Telephone: (612) 436-1800 |
| *Counsel for Mead Johnson & Company LLC* | tbecker@johnsonbecker.com |
| *and Mead Johnson Nutrition Company* | |

Wendy R. Fleishman
**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Telephone: (212) 355-9500
wfleishman@lchb.com

Diandra "Fu" Debrosse Zimmermann
**DICELLO LEVITT**
420 20th Street North, Suite 2525
Birmingham, AL 35203
Telephone: (205) 855-5700
fu@dicellolevitt.com
MDL3026PLC@dicellolevitt.com

Deborah S. Dixon
**THE DIXON FIRM, APC**
600 West Broadway, Suite 2150
San Diego, CA 92101
Telephone: (619) 354-2662
ddixon@thedixonfirm.com

*Counsel for Plaintiffs*

2