**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
|  | MDL No. 3026 |
| *In Re Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation* | Master Docket No. 1:22-cv-00071 |
|  | Hon. Rebecca R. Pallmeyer |
| **This Document Relates to:**<br>*Inman v. Mead Johnson & Company, LLC et al.*, | Case No. 1:22-cv-03737 |

<u>**MEAD JOHNSON'S MOTION TO BIFURCATE TRIAL OF PUNITIVE DAMAGES**</u>

Mead Johnson respectfully requests that the Court bifurcate the liability and punitive damages portions of the trial in this case. Rule 42(b) of the Federal Rules of Civil Procedure permits the Court to separate these issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see Sellers v. Baisier*, 792 F.2d 690, 694 (7th Cir. 1986) (affirming district court's bifurcation of liability and damages phases of trial); *see also* Hr'g Tr., *Mar v. Abbott Lab'ys*, No. 22-CV-232 (N.D. Ill. Apr. 17, 2025), 235:20-23 ("***I'm going to bifurcate as we always do***, hear evidence of liability, get a determination about whether there's a liability finding, and only then, if there is, would we permit the jurors to consider the question of punitive damages." (emphasis added)).[1] Bifurcation is warranted here for two overarching reasons.

*First*, bifurcation of liability from punitive damages will promote judicial economy. In this case, none of the factors relevant to any award of punitive damages bear on whether Mead Johnson's products were defectively designed or proximately caused Daniel Windley's injuries.

---

[1] Bifurcation is mandatory when North Carolina claims are tried in state court. N.C. Gen. Stat. Ann. § 1D-30.

Specifically, whether Mead Johnson engaged in "[f]raud," "[m]alice," or "[w]illful or wanton conduct," as North Carolina requires to award punitive damages, is irrelevant to the jury's consideration of Plaintiff's negligent design defect and failure to warn claims. N.C. Gen. Stat. § 1D-15(a); *see Scheufler v. Gen. Host Corp.*, 895 F. Supp. 1411, 1414 (D. Kan. 1995) (bifurcating punitive damages "would be conducive to judicial economy and efficiency" because the "determination of liability for punitive damages involves . . . the wanton and malicious nature of defendant's conduct" and "[t]he jury would not need to consider these issues if no actual damages are awarded"). Likewise, evidence about Mead Johnson's "ability to pay punitive damages" and "revenues or net worth," N.C. Gen. Stat. § 1D-35(i), whether it "profited from the conduct" alleged, N.C. Gen. Stat. § 1D-35(h), and "[t]he existence and frequency of any similar past conduct," N.C. Gen. Stat. § 1D-35(g), are also irrelevant to both of the tort claims in the case. *See SCF, LLC v. Hartford Fire Ins. Co.*, No. 1:20-cv-01173, 2021 WL 3549130, at *4 (W.D. Tenn. May 5, 2021) (bifurcating liability and punitive damages phases of trial because defendant's motive was irrelevant to liability and evidence about defendant's purported bad faith would invite prejudice and juror confusion); *see also* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); Arthur R. Miller, 9A *Federal Practice and Procedure* § 2390 (3d ed. 2026) ("The separation of issues of liability from those relating to damages is an obvious use for Federal Rule 42(b). Logically, the existence of liability must be resolved before damages are considered.").

*Second*, allowing the jury to hear evidence arguably relevant to punitive damages but irrelevant to liability—like information about Mead Johnson's finances—is unfairly prejudicial, will sow confusion during the liability phase of this trial, and will invite the jury to return a verdict on an improper basis. *See, e.g.*, *McKiver v. Murphy-Brown LLC*, 980 F.3d 937, 976-77 (4th Cir. 2020) (remanding punitive damages award where court should have bifurcated liability and

punitive damages phases due to prejudicial nature of company's financial information); *Collens v. City of New York*, 222 F.R.D. 249, 254 (S.D.N.Y. 2004) ("Issues of punitive damages should normally be bifurcated from issues of liability[.]"); *State Farm Fire & Cas. Co. v. Woods*, 896 F. Supp. 658, 660 (E.D. Tex. 1995) (bifurcating liability and punitive damages phases of trial where evidence of defendant's "net worth will be relevant to a determination of punitive damages, [but] that same information could severely prejudice the plaintiff in the calculation of actual damages"). The risk of prejudice is a well-recognized ground for bifurcation under Fed. R. Civ. P. 42. *See* Federal Judicial Center, *Manual for Complex Litigation* § 33.23, at 616-17 (2004) (noting that bifurcation is appropriate where, among other objectives, "used to negate prejudice to a party"). This is particularly true when the defendant is a large corporation. *See, e.g.*, *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994) ("Punitive damages pose an acute danger of arbitrary deprivation of property . . . since evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses."). Indeed, in a recent state appellate decision reversing the plaintiff's jury verdict against Mead Johnson in the first of these NEC cases to be tried, the Illinois Court of Appeals ruled that the admission of financial evidence in a case where punitive damages were not available was error: "use of financial evidence posed a substantial danger that the jury would return a verdict based not on scientific causation, product defect, or inadequate warnings but on the perceived ability of a large corporation to bear the cost of a verdict. This is precisely the type of prejudice that warrants reversal."). *Watson v. Mead Johnson & Co., LLC*, 2026 IL App (5th) 240936, ¶¶ 154-55.

For all these reasons, the Court should bifurcate the liability and compensatory damages portion of this case from any punitive damages phase.

Dated: July 10, 2026                                 By: */s/ Phyllis A. Jones*

Phyllis A. Jones
Nicole M. Antoine
Elizabeth T. Fouhey
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
202-662-6000
pajones@cov.com
nantoine@cov.com
efouhey@cov.com

Anthony J. Anscombe
Rachel M. Cannon
STEPTOE LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
312.577.1270
aanscombe@steptoe.com
rcannon@steptoe.com

*Attorneys for Defendant Mead Johnson &
Co., LLC*

4