**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In Re Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation* | MDL No. 3026 |
| | Master Docket No. 1:22-cv-00071 |
| | Hon. Rebecca R. Pallmeyer |
| This Document Relates to: *Inman v. Mead Johnson & Company, LLC et al.* | Cause No. 1:22-cv-03737 |

**MEAD JOHNSON & COMPANY LLC'S PROPOSED
<u>JURY INSTRUCTIONS AND VERDICT FORM</u>**

Mead Johnson & Company LLC ("Mead Johnson") hereby submits its initial proposals for jury instructions and verdict forms. The bracketed material relates to optional items or choices provided in the pattern instructions to be filled in later, depending on the Court's preference and guidance.

By filing these proposed instructions and verdict forms, Mead Johnson is not waiving any arguments raised in its briefing before the Court. Mead Johnson respectfully reserves its right to amend, supplement, withdraw, or add to these proposed instructions and verdict forms as necessary based on the contents of any opinions or rulings issued by the Court, the arguments of counsel, or the evidence adduced at trial.

**Contents**

Reference Table for Pattern Instructions ............................................................ 4

Instruction No. 1 – Functions of the Court and the Jury................................... 6

Instruction No. 2 – No Inference From Judge's Questions .............................. 7

Instruction No. 3 – All Litigants Equal Before the Law................................... 8

Instruction No. 4 – Evidence ............................................................................ 9

Instruction No. 5 – Deposition Testimony...................................................... 10

Instruction No. 6 – What Is Not Evidence...................................................... 11

Instruction No. 7 – Note-Taking..................................................................... 12

Instruction No. 8 – Limited Purpose of Evidence.......................................... 13

Instruction No. 9 – Weighing the Evidence.................................................... 14

Instruction No. 10 – Definition of "Direct" and "Circumstantial" Evidence ............................. 15

Instruction No. 11 – Testimony of Witnesses (Deciding What to Believe) ................................ 16

Instruction No. 12 – Prior Inconsistent Statements ....................................... 17

Instruction No. 13 – Lawyer Interviewing Witness........................................ 18

Instruction No. 14 – Number of Witnesses..................................................... 19

Instruction No. 15 – Absence of Evidence ..................................................... 20

Instruction No. 16 – Expert Witnesses ........................................................... 21

Instruction No. 17 – Demonstrative Exhibits ................................................. 22

Instruction No. 18 – Burden of Proof.............................................................. 23

Instruction No. 19 – No Need to Consider Damages Instruction ................... 24

Instruction No. 20 – Selection of Presiding Juror; General Verdict............... 25

Instruction No. 21 – Communication with Court ........................................... 26

Instruction No. 22 – Disagreement Among Jurors ......................................... 27

Instruction No. 23 – Cautionary Instruction Before Recess .......................... 28

Instruction No. 24 – In-Trial Instruction on News Coverage ...................................................... 29

Instruction No. 25 – Judicial Notice ............................................................................................ 30

Instruction No. 26 – Deposition as Substantive Evidence........................................................... 31

Instruction No. 27 – Judge's Comments to Lawyer .................................................................... 32

Instruction No. 28 – Issues (Liability) ........................................................................................ 33

Instruction No. 29 – Products Liability – Claim of Inadequate Warning or Instruction ............. 34

Instruction No. 30 – Products Liability – Claim Against Manufacturer for Inadequate
    Design ................................................................................................................................ 36

Instruction No. 31 – Proximate Cause – Definition; Multiple Causes ........................................ 39

Instruction No. 32 – Issues (Damages)' ...................................................................................... 40

Instruction No. 33 – Personal Injury Damages – Issue and Burden of Proof.............................. 41

Instruction No. 34 – Personal Injury Damages – In General....................................................... 42

Instruction No. 35 – Personal Injury Damages – Medical Expenses – No Stipulation, No
    Rebuttal Evidence .............................................................................................................. 43

Instruction No. 36 – Personal Injury Damages – Pain and Suffering.......................................... 45

Instruction No. 37 – Personal Injury Damages – Final Mandate................................................. 46

Instruction No. 38 – Punitive Damages – Liability of Defendant'................................................ 47

Instruction No. 39 – Punitive Damages – Issue of Whether to Make Award and Amount
    of Award'............................................................................................................................. 49

VERDICT FORM.......................................................................................................................... 51

DAMAGES VERDICT FORM ..................................................................................................... 53

SPECIAL VERDICT FORM A..................................................................................................... 54

PUNITIVE DAMAGES VERDICT FORM.................................................................................. 55

**Reference Table for Pattern Instructions**

| I. | General Instructions | |
|---|---|---|
| **Number** | **Pattern** | **Subject** |
| 1. | CA7 1.01 | Functions of the Court and the Jury |
| 2. | CA7 1.02 | [If Needed] No Inference From Judge's Questions |
| 3. | CA7 1.03 | All Litigants Equal Before the Law |
| 4. | CA7 1.04 | Evidence |
| 5. | CA7 1.05 | Deposition Testimony |
| 6. | CA7 1.06 | What Is Not Evidence |
| 7. | CA7 1.07 | Note-Taking |
| 8. | CA7 1.09 | [If Needed] Limited Purpose of Evidence |
| 9. | CA7 1.11 | Weighing the Evidence |
| 10. | CA7 1.12 | Definition of "Direct" and "Circumstantial" Evidence |
| 11. | CA7 1.13 | Testimony of Witnesses (Deciding What to Believe) |
| 12. | CA7 1.14 | Prior Inconsistent Statements or Acts |
| 13. | CA7 1.16 | [If Needed] Lawyer Interviewing Witness |
| 14. | CA7 1.17 | Number of Witnesses |
| 15. | CA7 1.18 | Absence of Evidence |
| 16. | CA7 1.21 | Expert Witnesses |
| 17. | CA7 1.24 | [If Needed] Demonstrative Exhibits |
| 18. | CA7 1.27 | Burden of Proof |
| 19. | CA7 1.31 | No Need to Consider Damages Instruction |
| 20. | CA7 1.32 | Selection of Presiding Juror; General Verdict |
| 21. | CA7 1.33 | Communication with Court |
| 22. | CA7 1.34 | Disagreement Among Jurors |

| II. | **In-Trial Instructions; Limiting Instructions** | |
|---|---|---|
| 23. | CA7 2.01 | Cautionary Instruction Before Recess |
| 24. | CA7 2.02 | [If Needed] In-Trial Instruction on News Coverage |
| 25. | CA7 2.06 | [If Needed] Judicial Notice |
| 26. | CA7 2.08 | Deposition as Substantive Evidence |
| 27. | CA7 2.14 | Judge's Comments to Lawyer |
| III. | **Instructions on Liability** | |
| 28. | NC 101.60 | Issues (Liability) |
| 29. | NC 741.70 | Products Liability – Claim of Inadequate Warning or Instruction |
| 30. | NC 741.71 | Products Liability – Claim Against Manufacturer for Inadequate Design or Formulation (Except Firearms or Ammunition) |
| 31. | NC 102.19 | Proximate Cause – Definition; Multiple Causes |
| IV. | **Instructions on Damages** | |
| 32. | NC 101.60 | Issues (Damages) |
| 33. | NC 810.00 | Personal Injury Damages – Issue and Burden of Proof |
| 34. | NC 810.02 | Personal Injury Damages – In General |
| 35. | NC 810.04C | Personal Injury Damages – Medical Expenses – No Stipulation, No Rebuttal Evidence |
| 36. | NC 810.08 | Personal Injury Damages – Pain and Suffering |
| 37. | NC 810.20 | Personal Injury Damages – Final Mandate |
| 38. | NC 810.96 | Punitive Damages – Liability of Defendant |
| 39. | NC 810.98 | Punitive Damages – Issue of Whether to Make Award and Amount of Award |

**Instruction No. 1 – Functions of the Court and the Jury[1]**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy or prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

---

[1] Seventh Circuit Civil Jury Instruction 1.01.

**Instruction No. 2 – No Inference From Judge's Questions[1]**

During this trial, I have asked a witness a question myself.  Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

---

[1] Seventh Circuit Civil Jury Instruction 1.02.

**Instruction No. 3 – All Litigants Equal Before the Law[1]**

In this case, the defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

---

[1] Seventh Circuit Civil Jury Instruction 1.03.

**Instruction No. 4 – Evidence[1]**

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

[If stipulations: … and stipulations.  A stipulation is an agreement between both sides that certain facts are true and/or that a person would have given certain testimony.]

[If judicial notice: I have taken judicial notice of certain facts.  You must accept those facts as proved.]

---

[1] Seventh Circuit Civil Jury Instruction 1.04.

**Instruction No. 5 – Deposition Testimony[1]**

During the trial, certain testimony was presented to you by videotaped depositions. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

---

[1] Seventh Circuit Civil Jury Instruction 1.05.

**Instruction No. 6 – What Is Not Evidence[1]**

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.  This includes any press, radio, Internet or television reports you may have seen or heard.  Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence.  Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

---

[1] Seventh Circuit Civil Jury Instruction 1.06.

11

**Instruction No. 7 – Note-Taking[1]**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

---

[1] Seventh Circuit Civil Jury Instruction 1.07.

**Instruction No. 8 – Limited Purpose of Evidence[1]**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

---

[1] Seventh Circuit Civil Jury Instruction 1.09.

**Instruction No. 9 – Weighing the Evidence[1]**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

---

[1] Seventh Circuit Civil Jury Instruction 1.11.

14

**Instruction No. 10 – Definition of "Direct" and "Circumstantial" Evidence[1]**

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

---

[1] Seventh Circuit Civil Jury Instruction 1.12.

**Instruction No. 11 – Testimony of Witnesses (Deciding What to Believe)[1]**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

---

[1] Seventh Circuit Civil Jury Instruction 1.13.

16

**Instruction No. 12 – Prior Inconsistent Statements [1]**

You may consider statements given by Plaintiff before trial as evidence of the truth of what she said in the earlier statements, as well as in deciding what weight to give her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court. [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]

---

[1] Seventh Circuit Civil Jury Instruction 1.14 (modified with language from Seventh Circuit Criminal Jury Instruction 3.03).

17

**Instruction No. 13 – Lawyer Interviewing Witness[1]**

It is proper for a lawyer to meet with any witness in preparation for trial.

---

[1] Seventh Circuit Civil Jury Instruction 1.16.

**Instruction No. 14 – Number of Witnesses[1]**

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

---

[1] Seventh Circuit Civil Jury Instruction 1.17.

**Instruction No. 15 – Absence of Evidence[1]**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

---

[1] Seventh Circuit Civil Jury Instruction 1.18.

20

**Instruction No. 16 – Expert Witnesses[1]**

You have heard witnesses give opinions about matters requiring special knowledge or skill.

You should judge this testimony in the same way that you judge the testimony of any other witness.

The fact that such person has given an opinion does not mean that you are required to accept it.

Give the testimony whatever weight you think it deserves, considering the reasons given for the

opinion, the witness's qualifications, and all of the other evidence in the case.

---

[1] Seventh Circuit Civil Jury Instruction 1.21.

**Instruction No. 17 – Demonstrative Exhibits**[1]

Certain [*describe demonstrative exhibit, e.g., models, diagrams, devices, sketches*] have been shown to you. Those [*short description*] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

---

[1] Seventh Circuit Civil Jury Instruction 1.24.

**Instruction No. 18 – Burden of Proof[1]**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you so decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

---

[1] Seventh Circuit Civil Jury Instruction 1.27.

**Instruction No. 19 – No Need to Consider Damages Instruction[1]**

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

---

[1] Seventh Circuit Civil Jury Instruction 1.31.

**Instruction No. 20 – Selection of Presiding Juror; General Verdict**[1]

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.)

OR

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.)

---

[1] Seventh Circuit Civil Jury Instruction 1.32.

25

**Instruction No. 21 – Communication with Court[1]**

I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to the marshal, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

---

[1] Seventh Circuit Civil Jury Instruction 1.33.

**Instruction No. 22 – Disagreement Among Jurors[1]**

The verdict must represent the considered judgment of each juror.  Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

---

[1] Seventh Circuit Civil Jury Instruction 1.34.

**Instruction No. 23 – Cautionary Instruction Before Recess[1]**

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

---

[1] Seventh Circuit Civil Jury Instruction 2.01.

28

**Instruction No. 24 – In-Trial Instruction on News Coverage[1]**

I understand that reports about this trial are appearing in the newspapers and/or on radio and television and the internet. The reporters may not have heard all the testimony as you have, may be getting information from people whom you will not see here under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read anything or listen to anything or watch anything with regard to this trial. It would be a violation of your oath as jurors to decide this case on anything other than the evidence presented at trial and your common sense. You must decide the case solely and exclusively on the evidence that will be received here in court.

---

[1] Seventh Circuit Civil Jury Instruction 2.02.

**Instruction No. 25 – Judicial Notice[1]**

I have decided to accept as proved the fact that [*state fact here*].  You must now treat this fact as having been proved for the purpose of this case.

---

[1] Seventh Circuit Civil Jury Instruction 2.06.

30

**Instruction No. 26 – Deposition as Substantive Evidence[1]**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*Witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

---

[1] Seventh Circuit Civil Jury Instruction 2.08.

**Instruction No. 27 – Judge's Comments to Lawyer[1]**

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure.  You are not to draw any inference against the side whom I may caution or warn during the trial.

---

[1] Seventh Circuit Civil Jury Instruction 2.14.

**Instruction No. 28 – Issues (Liability)[1]**

The Plaintiff in this case has made two claims against the Defendant, and you will be asked to address each claim in your verdict. The two claims are summarized as follows:

1. The Plaintiff claims that the Defendant unreasonably failed to provide an adequate warning or instruction with Enfamil Premature Formula, and that this failure proximately caused the Plaintiff's injury; and

2. The Plaintiff claims that the Defendant acted unreasonably in designing the Enfamil Premature Formula products, and that this design proximately caused the Plaintiff's injury.

In your verdict you will be asked to answer two questions about each claim. The Plaintiff has the burden of proving each of her claims. I will now discuss these claims one at a time and explain the law which you should consider as you deliberate upon your verdict on each claim.

---

[1] North Carolina Civil Pattern Jury Instruction 101.60 (modified).

33

**Instruction No. 29 – Products Liability – Claim of Inadequate Warning or Instruction[1]**

The first question reads:

"Did Mead Johnson unreasonably fail to provide an adequate warning or instruction with the Enfamil Premature Formula products, proximately causing Daniel Windley's injury?"

On this issue the burden of proof is on the Plaintiff. This means that the Plaintiff must prove, by the greater weight of the evidence, five things:

First, that the Defendant was the manufacturer of Enfamil Premature Formula products. A "manufacturer" is a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product prior to its sale to a user or consumer.

Second, that the Defendant failed to provide an adequate warning or instruction.

Third, that the Defendant's failure to provide an adequate warning or instruction was unreasonable. Failure to provide an adequate warning or instruction is unreasonable if a reasonable and prudent manufacturer, acting under the same or similar circumstances, would have provided an adequate warning or instruction.

Fourth, that at the time the Enfamil Premature Formula products left the control of the Defendant without an adequate warning or instruction, the Enfamil Premature Formula products created an unreasonably dangerous condition that the Defendant knew or, in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant. Ordinary care means that degree of care which a reasonable and prudent manufacturer would use under the same or similar circumstances to protect others from injury or death.

---

[1] North Carolina Civil Pattern Jury Instruction 741.70.

No manufacturer may be held liable for failing to warn about an open and obvious risk, or a risk that is a matter of common knowledge.

Fifth, that the Defendant's failure to provide an adequate warning or instruction was a proximate cause of the Plaintiff's injury. Proximate cause is a cause which in a natural and continuous sequence produces a person's injury or death, and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or death or some similar injurious result. There may be more than one proximate cause of an injury or death. Therefore, the Plaintiff need not prove that the Defendant's failure to provide an adequate warning or instruction was the sole proximate cause of the injury or death. The Plaintiff must prove, by the greater weight of the evidence, only that such failure was a proximate cause.

Finally, as to this first issue on which the Plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the Defendant unreasonably failed to provide an adequate warning or instruction with the Enfamil Premature Formula products, and that this failure proximately caused the Plaintiff's injury, then it would be your duty to answer this issue "Yes" in favor of the Plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the Defendant.

**Instruction No. 30 – Products Liability – Claim Against Manufacturer for Inadequate Design[1]**

The second question reads:

"Did Mead Johnson act unreasonably in designing the Enfamil Premature Formula products, proximately causing Daniel Windley's injury?"

On this issue the burden of proof is on the Plaintiff. This means that the Plaintiff must prove, by the greater weight of the evidence, four things:

First, that the Defendant was the manufacturer of Enfamil Premature Formula products. A "manufacturer" is a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or a component part of a product prior to its sale to a user or consumer.

Second, that at the time of its manufacture, the Defendant acted unreasonably in designing the Enfamil Premature Formula products. In determining whether the Defendant acted unreasonably, you shall consider the following:

1. The nature and magnitude of the risks of harm associated with the design in light of the intended and reasonably foreseeable uses, modifications or alterations of the Enfamil Premature Formula products;

2. The likely awareness of users of Enfamil Premature Formula products of those risks of harm, whether based on warnings, general knowledge, or otherwise;

3. The extent to which the design conformed to any applicable government standard that was in effect when the Enfamil Premature Formula products left the control of the Defendant;

---

[1] North Carolina Civil Pattern Jury Instruction 741.71 (modified).

36

4. The utility of the Enfamil Premature Formula products, including the performance, safety, and other advantages associated with that design;

5. The technical, economic and practical feasibility of using an alternative design at the time of manufacture;

6. The nature and magnitude of any foreseeable risks associated with the alternative design;

7. [*Any other factors.*]

Third, that the Defendant's unreasonable acts were a proximate cause of the Plaintiff's injury. Proximate cause is a cause which in a natural and continuous sequence produces a person's injury or death and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or death or some similar injurious result. There may be more than one proximate cause of an injury or death. Therefore, the Plaintiff need not prove that the Defendant's unreasonable acts were the sole proximate cause of the injury or death. The Plaintiff must prove, by the greater weight of the evidence, only that such unreasonable acts were a proximate cause.

Fourth, that at the time the Enfamil Premature Formula products left the control of the Defendant, the Defendant unreasonably failed to adopt a practical, feasible, and otherwise reasonable alternative design that was safer, that could have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality or desirability of the Enfamil Premature Formula products.

Plaintiff contends that the safer alternative formulation was a version of Enfamil Premature Formula using lactose as the main carbohydrate source.

37

Finally, as to this second issue on which the Plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the Defendant acted unreasonably in designing the Enfamil Premature Formula products, and that this action was a proximate cause of the Plaintiff's injury, then it would be your duty to answer this issue "Yes" in favor of the Plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the Defendant.

**Instruction No. 31 – Proximate Cause – Definition; Multiple Causes[1]**

The Plaintiff not only has the burden of proving negligence, but also that such negligence was a proximate cause of the injury.

Proximate cause is a cause which in a natural and continuous sequence produces a person's injury, without which the injuries would not have occurred, and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result.[2]

There may be more than one proximate cause of an injury. Therefore, the Plaintiff need not prove that the Defendant's negligence was the sole proximate cause of the injury. The Plaintiff must prove, by the greater weight of the evidence, only that the Defendant's negligence was a proximate cause.

---

[1] North Carolina Civil Pattern Jury Instruction 102.19 (modified).

[2] *See Loftis v. Little League Baseball, Inc.*, 169 N.C. App. 219, 222, 609 S.E.2d 481, 484 (2005) (explaining that "[p]roximate cause is defined as: 'a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and *without which the injuries would not have occurred*, and one from which a person of ordinary prudence could have reasonably have foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed.'" (Emphasis in original) (quoting *Lynn v. Overbrook Dev.*, 328 N.C. 689, 696, 403 S.E.2d 469, 473 (1991)); *Goodman v. Wenco Foods, Inc*, 333 N.C. 1, 18, 423 S.E.2d 444, 452 (1992) (stating that the proximate "cause producing the injurious result must be in a continuous sequence, without which the injury would not have occurred, and one from which any person of ordinary prudence would have foreseen the likelihood of the result under the circumstances as they existed."); and *Murphy v. Georgia Pacific Corp.*, 331 N.C. 702, 706, 417 S.E.2d 460, 463 (1992) ("Proximate cause is a cause which in natural and continuous sequence produces a plaintiff's injuries and one from which a person of ordinary prudence could have reasonably foreseen that such a result or some similar injurious result was probable.").

**Instruction No. 32 – Issues (Damages)[1, 2]**

As in the liability phase, your verdict will take the form of answers to certain questions or issues.

These issues are as follows:

1. What amount, if any, is the Plaintiff, as Administratrix of the Estate of Daniel Windley, entitled to recover for Mead Johnson's negligence?

2. Is Mead Johnson liable to the Plaintiff for punitive damages?

3. What amount of punitive damages, if any, does the jury in its discretion award to the Plaintiff?

I will discuss the issues one at a time and explain the law which you should consider as you deliberate upon your verdict.

---

[1] North Carolina Civil Pattern Jury Instruction 101.60.

[2] Mead Johnson objects to the inclusion of questions relating to punitive damages in the liability phase of this trial, for reasons outlined in Mead Johnson's Motion to Bifurcate Trial of Punitive Damages. *See* ECF No. 180.

**Instruction No. 33 – Personal Injury Damages – Issue and Burden of Proof[1]**

The first issue reads:

"What amount, if any, is the Plaintiff, as Administratrix of the Estate of Daniel Windley, entitled to recover for Mead Johnson's negligence?"

The Plaintiff may be entitled to recover actual damages. On this issue the burden of proof is on the Plaintiff. This means that the Plaintiff must prove, by the greater weight of the evidence, the amount of actual damages proximately caused by the negligence of the Defendant.

---

[1] North Carolina Civil Pattern Jury Instruction 810.00 (modified).

41

**Instruction No. 34 – Personal Injury Damages – In General[1]**

Actual damages are the fair compensation to be awarded to a person for any past injury proximately caused by the negligence of another.

In determining the amount, if any, you award the Plaintiff, you will consider the evidence you have heard as to medical expenses incident to the injury or Daniel Windley's pain and suffering.

The total of all damages are to be awarded in one lump sum.  I will now explain the law of damages as it relates to each of these.

---

[1] North Carolina Civil Pattern Jury Instruction 810.02.

42

**Instruction No. 35 – Personal Injury Damages – Medical Expenses – No Stipulation, No Rebuttal Evidence[1]**

Medical expenses include all hospital bills reasonably incurred by Daniel Windley as a proximate result of the negligence of the Defendant.[2]

To be reasonably incurred, medical expenses must have been: (1) reasonably necessary for the proper treatment of Daniel Windley's injury,[3] (2) incurred as a proximate result of the Defendant's negligence, and (3) reasonable in amount.

To show that the amount of claimed medical expenses is reasonable, the Plaintiff must prove by the greater weight of the evidence the amount actually paid for medical services. If you find that the Plaintiff has proved this amount, then the law presumes that this amount is reasonable. I charge you that this presumption is binding on you. This means that if you find by the greater weight of the evidence the amount actually paid for medical services, then you also must find that the medical expenses were reasonable in amount.

Additionally, the plaintiff must prove by the greater weight of the evidence that the medical services performed were reasonably necessary for the treatment of Daniel Windley's injury and

---

[1] North Carolina Civil Pattern Jury Instruction 810.04C.

[2] Mead Johnson objects to the inclusion of medical expenses in calculating compensatory damages. North Carolina law requires expert testimony to establish causality for costs for medical treatment. *See Daniels v. Hetrick*, 164 N.C. App. 197, 201 (2004) ("The testifying expert has to show that the medical records at issue reflect treatment of an injury that was causally related to the alleged negligence of the defendant ... It would be error to admit such evidence if the above conditions were not met."). Plaintiff has provided no such expert testimony about which, if any, part of the care Daniel received in the NICU was "incurred as a result of" Mead's alleged negligence as opposed to the natural result of Daniel's NICU stay and premature birth. As such, Plaintiff fails to meet her burden to claim such medical expenses. *See* MJC's Omnibus Mots. in Limine, ECF No. 174, at 17.

[3] "The fact that a provider charged for services provided to the injured person establishes a permissive presumption that the services provided were reasonably necessary but no presumption is established that the services provided were necessary because of injuries caused by the acts or omissions of an alleged tortfeasor." N.C. Gen. Stat. § 8-58.1(c).

43

that the services were necessary as a proximate result of the Defendant's negligence.  I already have instructed you on the definition of proximate cause, and that definition applies equally here.

**Instruction No. 36 – Personal Injury Damages – Pain and Suffering[1]**

Damages for personal injury also include fair compensation for the actual physical pain and mental suffering consciously experienced by Daniel Windley as a proximate result of the negligence of the Defendant. There is no fixed formula for placing a value on physical pain and mental suffering. You will determine what is fair compensation by applying logic and common sense to the evidence.

---

[1] North Carolina Civil Pattern Jury Instruction 810.08 (modified).

45

**Instruction No. 37 – Personal Injury Damages – Final Mandate[1]**

I instruct you that your findings on the first issue must be based on the evidence and the rules of law I have given you with respect to the measure of damages. You are not required to accept the amount of damages suggested by the parties or their attorneys.

Your award must be fair and just. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally, as to the first issue on which the estate has the burden of proof, if you find by the greater weight of the evidence the amount of actual damages proximately caused by the negligence of the Defendant, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as "One Dollar" in the blank space provided.

---

[1] North Carolina Civil Pattern Jury Instruction 810.20.

**Instruction No. 38 – Punitive Damages – Liability of Defendant[1,2]**

The second issue reads:

"Is Mead Johnson liable to the Plaintiff for punitive damages?"

On this issue the burden of proof is on the Plaintiff to prove three things. The Plaintiff must prove the first thing by clear and convincing evidence. Clear and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear and convincing fashion. You shall interpret and apply the words "clear" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Thus, the first thing the Plaintiff must prove, by clear and convincing evidence, is the existence of malice or willful or wanton conduct.

"Malice" means a sense of personal ill will toward the plaintiff that activated or incited the defendant to perform the act or undertake the conduct that resulted in harm to the plaintiff.

"Willful or wanton conduct" means the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage or other harm. Willful or wanton conduct means more than gross negligence.

The Plaintiff must prove the second and third things by the greater weight of the evidence. The greater weight of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. It means that you must be persuaded, considering

---

[1] North Carolina Civil Pattern Jury Instruction 810.96.

[2] Mead Johnson objects to the inclusion of questions relating to punitive damages in the liability phase of this trial, for reasons outlined in Mead Johnson's Motion to Bifurcate Trial of Punitive Damages. *See* ECF No. 180.

47

all of the evidence, that the necessary facts are more likely than not to exist. These second and third things are:

Second, that the malice or willful or wanton conduct was related to the injury to the Plaintiff for which you have already awarded relief.

Third, that the Defendant's officers, directors, or managers participated in or condoned the malice or willful or wanton conduct.

Finally, as to this issue on which the Plaintiff has the burden of proof, if you find by the standards herein explained that the Defendant is liable to the Plaintiff for punitive damages, then it would be your duty to answer this issue "Yes" in favor of the Plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer "No" in favor of the Defendant.

**Instruction No. 39 – Punitive Damages – Issue of Whether to Make Award and Amount of Award[1,2]**

The third issue reads:

"What amount of punitive damages, if any, does the jury in its discretion award to the Plaintiff?"

You are to answer this issue only if you have answered "Yes" to Issue 2.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the Plaintiff for *her* injury, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the Defendant for egregiously wrongful acts committed against the Plaintiff and to deter the Defendant and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to:

- The reprehensibility of the Defendant's motives and conduct;

- The likelihood, at the relevant time, of serious harm to the Plaintiff or others similarly situated;

- The degree of the Defendant's awareness of the probable consequences of its conduct;

- The duration of the Defendant's conduct;

- The actual damages suffered by the Plaintiff;

---

[1] North Carolina Civil Pattern Jury Instruction 810.98.

[2] Mead Johnson objects to the inclusion of questions relating to punitive damages in the liability phase of this trial, for reasons outlined in Mead Johnson's Motion to Bifurcate Trial of Punitive Damages. *See* ECF No. 180.

- Any concealment by the Defendant of the facts or consequences of its conduct;

- The existence and frequency of any similar past conduct by the Defendant;

- Whether the Defendant profited by the conduct; and

- The Defendant's ability to pay punitive damages; as evidenced by its revenues or net worth.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the Plaintiff an amount which bears a rational relationship to the sum reasonably needed to punish the Defendant for egregiously wrongful acts and to deter the Defendant and others from committing similar wrongful acts. That amount should be written in the space on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the Plaintiff any amount of punitive damages, then you should write the word "None" on the space provided on the verdict sheet.

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In Re Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation* | MDL No. 3026 |
| | Master Docket No. 1:22-cv-00071 |
| | Hon. Rebecca R. Pallmeyer |
| This Document Relates to: *Inman v. Mead Johnson & Company, LLC et al.* | Cause No. 1:22-cv-03737 |

**<u>VERDICT FORM</u>**

We, the Jury in the above-titled action, find the following Verdict on the questions

submitted to us:

**<u>QUESTION NO. 1</u>**: Did Mead Johnson unreasonably fail to provide an adequate warning or

instruction with the Enfamil Premature Formula products?

**Answer:** _____
(Yes or No)

If your answer to Question 1 is "Yes," please proceed to the next question.
If your answer to Question 1 is "No," *do not answer* Question 2 and instead
proceed to Question 3.

**<u>QUESTION NO. 2</u>**: Did Mead Johnson's unreasonable failure to provide an adequate warning or

instruction with the Enfamil Premature Formula products proximately cause Daniel Windley's

injury?

**Answer:** _____
(Yes or No)

Please proceed to the next question.

**<u>QUESTION NO. 3</u>**: Did Mead Johnson act unreasonably in designing the Enfamil Premature

Formula products?

**Answer:** _____
(Yes or No)

51

If your answer to Question 3 is "Yes," please proceed to the next question.
If your answer to Question 3 is "No," *do not answer* Question 4 and instead proceed to the instructions at the end of this form.

**QUESTION NO. 4**: Did Mead Johnson's unreasonable action in designing the Enfamil Premature Formula products proximately cause Daniel Windley's injury?

**Answer:** _____

(Yes or No)

Please proceed to the final instructions.

**If you answered "Yes" to Question 2 or Question 4, please complete the Damages Verdict Form. Additionally, if you answered "Yes" to Question 2, please complete Special Verdict Form A. Then date, sign, and return this Verdict with your other completed form(s).**

**If you answered "No" to Question 2 and Question 4, do not complete any other forms. Please date, sign, and return this Verdict.**

DATED: _____    SIGNED: _____

**PRESIDING JUROR**

52

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In Re Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation* | MDL No. 3026 |
| | Master Docket No. 1:22-cv-00071 |
| | Hon. Rebecca R. Pallmeyer |
| This Document Relates to: *Inman v. Mead Johnson & Company, LLC et al.* | Cause No. 1:22-cv-03737 |

**DAMAGES VERDICT FORM**

We, the Jury in the above-titled action, having answered Question 2 and/or Question 4

"Yes" on the Verdict Form, find the following Verdict on the questions submitted to us:

**QUESTION NO. 1**: What amount, if any, is the Plaintiff, as Administratrix of the Estate of Daniel

Windley, entitled to recover for Mead Johnson's negligence?

**Answer:**  $_____

**Please proceed to the next question.**

**QUESTION NO. 2**: Is Mead Johnson liable to the Plaintiff for punitive damages?[1]

**Answer:** _____
(Yes or No)

**Please date, sign, and return this Damages Verdict.**

DATED: _____     SIGNED: _____
**PRESIDING JUROR**

---

[1] Mead Johnson maintains that punitive damages should be bifurcated, pursuant to the arguments made in its motion for bifurcation. *See* ECF No. 180.

53

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In Re Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation* | MDL No. 3026 |
| | Master Docket No. 1:22-cv-00071 |
| | Hon. Rebecca R. Pallmeyer |
| This Document Relates to: *Inman v. Mead Johnson & Company, LLC et al.* | Cause No. 1:22-cv-03737 |

## SPECIAL VERDICT FORM A

We, the Jury in the above-titled action, having answered Question 2 "Yes" on the Verdict Form, find the following Special Verdict on the questions submitted to us:

**QUESTION NO. 1**: Did Mead Johnson unreasonably fail to provide an adequate warning or instruction with the Enfamil Premature Formula products to **Alexis Inman**, proximately causing Daniel Windley's injury?

**Answer:** _____
(Yes or No)

**Please proceed to the next question.**

**QUESTION NO. 2**: Did Mead Johnson unreasonably fail to provide an adequate warning or instruction with the Enfamil Premature Formula products to **Daniel Windley's Medical Providers**, proximately causing Daniel Windley's injury?

**Answer:** _____
(Yes or No)

**Please date, sign, and return this Special Verdict.**

DATED: _____     SIGNED: _____
**PRESIDING JUROR**

54

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In Re Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation* | MDL No. 3026 |
| | Master Docket No. 1:22-cv-00071 |
| | Hon. Rebecca R. Pallmeyer |
| This Document Relates to: *Inman v. Mead Johnson & Company, LLC et al.* | Cause No. 1:22-cv-03737 |

## PUNITIVE DAMAGES VERDICT FORM

We, the Jury in the above-titled action, find the following Verdict on the questions

submitted to us:

**QUESTION NO. 1**: What amount of punitive damages, if any, does the jury in its discretion award

to the Plaintiff**?**

**Answer:** $_____

**Please date, sign, and return this Punitive Damages Verdict.**

DATED: _____     SIGNED: _____
                                                                                    **PRESIDING JUROR**

55

Dated: July 23, 2026

Respectfully submitted,

/s/ *Phyllis A. Jones*
Paul W. Schmidt
Phyllis A. Jones
Nicole Antoine
Elizabeth T. Fouhey
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street NW
Washington, DC 20001
202-662-6000
pschmidt@cov.com
pajones@cov.com
nantoine@cov.com
efouhey@cov.com

Rachel M. Cannon
Anthony J. Anscombe
**STEPTOE LLP**
227 West Monroe, Suite 4700
Chicago, IL 60606
312.577.1270
rcannon@steptoe.com
aanscombe@steptoe.com

*Counsel for Defendant Mead Johnson & Company, LLC*