**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION* | MDL No. 3026<br>Master Docket No. 1:22-CV-00071<br>Judge Rebecca R. Pallmeyer |
| *This Document Relates to: Inman v. Mead Johnson & Company, LLC et al.,* | Case No. 1:22-cv-03737 |

**PLAINTIFF'S OPPOSITION TO MOTION TO BIFURCATE**

Plaintiff respectfully opposes Mead Johnson's motion to bifurcate the liability and punitive damages portions of the trial. Mead Johnson's motion should be denied because there is substantial overlap between the evidence to be presented relating to liability and punitive damages, such that bifurcation will not further judicial economy, as Mead Johnson promises, but instead will needlessly extend trial proceedings and burden the jury, the parties, and the Court. Further, any prejudice claimed by Mead Johnson by the introduction of evidence relevant to punitive damages can be mitigated through instructions to the jury, as courts have repeatedly recognized.

"The decision whether to employ bifurcation is committed to the district court's discretion, and is reviewed deferentially." *Challenge Aspen v. King World Prods. Corp.*, No. 00 C 6868, 2001 WL 1403001, at *1 (N.D. Ill. Nov. 9, 2001) (denying motion to bifurcate). Mead Johnson, as the party seeking bifurcation, "has the burden to show that it is warranted in that particular case." *Id.* at *2 (quotation marks omitted); *see also White v. Coventry Health Care, Inc.*, No. 17-CV-01242, 2018 WL 1469025, at *3 (N.D. Ill. Mar. 26, 2018) ("In bifurcation proceedings, the burden is on the moving party to show that bifurcation is proper.") (internal quotation and citation omitted).

That burden is not easily carried. Consistent with the Advisory Committee's statement that

"separation of issues for trial is not to be routinely ordered,"[1] "in this Circuit, bifurcation is not treated as a preferred method of proceeding, but rather is limited to those cases where it is appropriate to further the purposes of Rule 42(b)." *Challenge Aspen*, 2001 WL 1403001, at *2 (collecting authorities) (internal quotation marks omitted). The Seventh Circuit has emphasized that where the evidence of each "overlaps substantially, the normal procedure is to try compensatory and punitive damage claims together with appropriate instructions to make clear to the jury the difference in the clear and convincing evidence required for the award of punitive damages." *McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 861, 871 (7th Cir. 1994).

This is a case with such overlap between liability, compensatory damages, and punitive damages. Plaintiff's failure to warn claim requires Plaintiff to show that Mead "acted unreasonably in failing to provide such warning or instruction," and that it had knowledge of risk of harm. N.C.G.S. § 99B-5(a)(1)-(2). Plaintiff's design defect claim also requires proof that Mead Johnson acted "unreasonably." N.C.G.S. § 99B-6(a)(1). This evidence will overlap substantially with the showing required for punitive damages – that Mead Johnson engaged in "willful and wanton conduct." N.C. Gen. Stat. § 1D-15. Evidence of corporate knowledge of and attempts to minimize risk, as well as evidence that Mead Johnson avoided clear warnings or alternative designs in favor of revenue and profit, will be relevant to both liability and punitive damages. It is also difficult to cleanly separate the jury's consideration of the non-punitive category of damages here – Daniel's suffering before his death – from its consideration of punitive damages. Asking the jury to perform this exercise twice is unnecessarily burdensome, in addition to emotionally taxing.

---

[1] Fed. R. Civ. P. 42, advisory committee notes to 1966 amendment.

With this overlap, the efficiencies promised by Mead Johnson are unlikely to emerge, making bifurcation inappropriate. *See* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2390 (3d ed.). "[S]eparation has been denied when the evidence on the two subjects is overlapping or the liability and damages issues are so intertwined that efficiency will not be achieved or confusion may result from any attempt at separation." *See also Saccameno v. Ocwen Loan Servicing, LLC*, No. 15 C 1164, 2018 WL 10609877, at *2 (N.D. Ill. Mar. 20, 2018) (denying motion to bifurcate where evidence relevant to liability overlapped with evidence relevant to punitive damages).

While Mead Johnson speculates that introduction of such evidence will result in unfair prejudice , the jury can be instructed to avoid any such prejudice. "[T]he law presumes that juries follow limiting instructions, and they can be properly used to avoid prejudice and save time and expense at trial." *Rivera v. Guevara*, No. 12-CV-04428, 2018 WL 11469073, at *4 (N.D. Ill. May 18, 2018); *see also McLaughlin* (affirming decision not to bifurcate where evidence overlapped and jury was presumed to follow limiting instructions); *Spiker v. Salter*, 2022 WL 602194, *3-4 (W.D. La. Feb. 28, 2022) (denying motion to bifurcate compensatory and punitive damages, finding bifurcation would increase costs and introduce confusion, and that jury instructions would be sufficient to address jury confusion concerns).

Finally, Mead Johnson's reliance on *Watson v. Mead Johnson & Company, LLC*, 2026 IL App (5th) 240936, 2026 WL 1706992 (Il. App. 5th Dist. Jun. 12, 2026), in entirely inapposite. In that case, the plaintiff did not have a claim for punitive damages at all. The state appellate court reversed the plaintiff's verdict in part because the introduction of company financial information created confusion and prejudice because there was no punitive damages claim to pursue. That is not the case here.

For these reasons, Plaintiff respectfully requests that the Court deny Mead Johnson's

motion for bifurcation.

Dated: July 24, 2026

Respectfully submitted,

*/s/ José M. Rojas*
José M. Rojas
LEVIN ROJAS CAMASSAR & RECK, LLC
391 Norwich-Westerly Road
North Stonington, Connecticut 06359
860.535.4040
rojas@ctlawyer.net

*Counsel for Plaintiff*