**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| *In Re Abbott Laboratories, et al., Preterm Infant Nutrition Products Liability Litigation* | MDL No. 3026<br>Master Docket No. 1:22-cv-00071<br>Hon. Rebecca R. Pallmeyer |
| **This Document Relates to:**<br>*Inman v. Mead Johnson & Company, LLC et al.*, | Cause No. 1:22-cv-03737 |

**MEAD JOHNSON'S REPLY IN SUPPORT OF ITS MOTION TO BIFURCATE TRIAL OF PUNITIVE DAMAGES**

Plaintiff says that bifurcation is not appropriate because there will be a "substantial overlap between the evidence to be presented relating to liability and punitive damages." Dkt. 193 at 1. Plaintiff says this is because evidence concerning whether Mead Johnson engaged in "[w]illful and wanton conduct," as required for punitive damages to be awarded, N.C. Gen. Stat. § 1D-15(a)(3), is also relevant to whether Mead Johnson is liable for negligence. Dkt. 193 at 2.

Not so. Under North Carolina law, negligence is measured by an objective standard. *Draughon v. Evening Star Holiness Church of Dunn*, 374 N.C. 479, 480 (2020) ("Our precedent requires courts to apply an objective reasonable person standard."). Negligence therefore does not depend on a party's "subjective appreciation of danger"; what matters is whether conduct "conform[s] to an objective standard of behavior." *Smith v. Fiber Controls Corp.*, 300 N.C. 669, 673 (1980).

Willful and wanton conduct, on the other hand, is a subjective inquiry. "'Willful or wanton conduct' means the ***conscious and intentional*** disregard of and indifference to the rights and safety of others . . . ." N.C. Gen. Stat. § 1D-5(7). "An act is willful when there is a deliberate purpose not

to discharge a duty . . . necessary for the safety of the person or property of another." *George v. Greyhound Lines, Inc.*, 210 N.C. App. 388, 393-94 (2011). "An act is wanton when it is done of wicked purpose or when done needlessly, manifesting a reckless indifference to the rights of others." *Siders v. Gibbs*, 39 N.C. App. 183, 187 (1978).

Accordingly, while evidence concerning "corporate knowledge of and attempts to minimize risk" or a defendant's desire to maximize "revenue and profit," Dkt. 193 at 2, might be potentially relevant to punitive damages, such evidence is irrelevant to negligence. Since there will not, in fact, be a "substantial overlap between the evidence to be presented relating to liability and punitive damages," Dkt. 193 at 1, bifurcating the liability and compensatory damages portion of this case from any punitive damages phase is appropriate.

Dated: July 30, 2026

By: */s/ Rachel M. Cannon*

Phyllis A. Jones
Nicole M. Antoine
Elizabeth T. Fouhey
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
202-662-6000
pajones@cov.com
nantoine@cov.com
efouhey@cov.com

Anthony J. Anscombe
Rachel M. Cannon
STEPTOE LLP
227 West Monroe, Suite 4700
Chicago, IL 60606
312.577.1270
aanscombe@steptoe.com
rcannon@steptoe.com

*Attorneys for Defendant Mead Johnson & Co., LLC*