**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE: ABBOTT LABORATORIES, ET AL., PRETERM INFANT NUTRITION PRODUCTS LIABILITY LITIGATION** | **MDL NO. 3026** |
| | **Master Docket No. 1:22 C 00071** |
| **This Document Relates to:** | **Hon. Rebecca R. Pallmeyer** |
| *Inman v. Mead Johnson & Company, LLC* | |
| **Case No. 22 C 3737** | |

## <u>ORDER</u>

Plaintiff is directed to show cause why her direct-to-consumer theory of failure to warn survives the Seventh Circuit's recent ruling.

## <u>STATEMENT</u>

In its summary judgment order (S.J. Order [137] at 2), the court expressed caution about Plaintiff Inman's failure-to-warn claim to the extent it rests on Mead Johnson's failure to warn her directly. The evidence in support of that theory was minimal: it appears to be limited to an affidavit from Ms. Inman in which she states that a "clearly visible warning would have caught her attention and led her to communicate her preference for human milk to Daniel's doctors." That affidavit was, as the court noted, arguably at odds with Inman's own deposition testimony. (*Id.*) The court denied summary judgment on the failure-to-warn claim because another theory was sufficient to advance to trial—namely, that a warning to Daniel's physicians might have prevented or mitigated his illness—and noted it planned to use special verdict forms to prevent the risk of the jury unduly relying on that theory. The Mead Johnson moved for reconsideration, asking the court to enter partial summary judgment on failure-to-warn claim [155]; the court denied that motion [164].

Since then, however, the Seventh Circuit issued its ruling affirming summary judgment in an earlier bellwether case, *Mar v. Abbott Laboratories*, reported at *In re Abbott Lab'ys. Preterm Infant Nutrition Prods. Liability Litigatio*n, No. 25-2587, ___ F.3d ___, 2026 WL 2137765 (7th Cir. July 24, 2026). In affirming this court's decision to grant summary judgment in Abbott's favor on the failure-to-warn claim, the Seventh Circuit noted that while counterfactuals may be presented to the jury, they must be reasonable and non-speculative. Only those counterfactuals that are grounded in "record evidence" and not countered by defendants' own evidence can "reach the jury." *Mar*, slip op. at 10, 2025 WL 2137765 at *5. Plaintiff's claim that Ms. Inman would have noticed some "clearly visible warning" and affirmatively told the doctors not to feed formula to her infant is not grounded in any record evidence, and is at odds with Ms. Inman's deposition testimony. Inman's later affidavit does not appear sufficient to bolster her theory (*see* S.J. Order [137] at 25 n.19) or provide a sufficient basis for denial of summary judgment in light of the *Mar* affirmance.

1

As explained in the court's ruling, Plaintiff's failure-to-warn claim also rests on a theory that Mead Johnson misled or failed to warn medical professionals who treated Ms. Inman's infant. That theory survived summary judgment. But the court concludes that resting the failure-to-warn claim on Mead Johnson's failure to warn Ms. Inman is inconsistent with Seventh Circuit authority. If Plaintiff intends to raise a direct-to-consumer warning theory at trial, she must explain prior to trial why the theory remains viable.

ENTER:

Dated: August 3, 2026

_____
REBECCA R. PALLMEYER
United States District Judge